# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANNE DUFRENE, INDIVIDUALLY AND AS THE PERSONAL REPRESENTATIVE OF CAREY C. DUFRENE | CIVIL ACTION |
| VERSUS | NO: 18-554 |
| AMERICAN TUGS, INC. | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Appeal/Review of Magistrate's Judge's Order** (Rec. Doc. 69) is **DENIED**, and the Order of the Magistrate Judge (Rec. Doc. 65) is **AFFIRMED**.

## FACTUAL & PROCEDURAL BACKGROUND

This matter arises out of the death of plaintiff's husband, Carey Dufrene, aboard the M/V AMAZING GRACE, an inland river towing vessel operated by American Tugs.[1] Defendant, American Tugs, Inc., appeals the magistrate judge's order awarding a sanction of attorneys' fees to plaintiff's counsel, following her successful second Motion to Compel.

The record reflects that plaintiff served her first set of Requests for Production of Documents on defendant on June 19, 2018. Defendant provided responses to this request on July 31, 2018, and supplemental responses on August 7, 2018 and August 20, 2018. Plaintiff's

---

[1] More detailed facts are set forth in the Magistrate's Order, and are hereby incorporated by reference.

counsel deemed the responses incomplete, and made several attempts to obtain complete responses. On August 9, 2018, plaintiff filed her first Motion to Compel (Rec. Doc. 18) regarding several of defendant's responses to the first round of discovery requests, for which responses were either incomplete or for which defendant had withheld responsive information and documents.

Plaintiff served second and third sets of Requests for Production of Documents upon defendant on July 18, 2018 and September 6, 2018. As of September 6, defendant had failed to supplement discovery requests included in plaintiff's first set of discovery, which had not been included in the initial Motion to Compel. Defendant provided responses to the second and third sets of discovery on September 28, 2018, which were also deficient. Beginning September 6, 2018, plaintiff's counsel made numerous attempts to obtain supplemental discovery responses, including a letter dated September 6, 2018, emails dated September 25 and September 28, 2018, an October 1, 2018 telephone conversation (in which she extended defense counsel more time to respond), and an email on October 15, 2018. These attempts were fruitless. Accordingly, on November 15, 2018, plaintiff filed her second Motion to Compel Defendant to Respond to Discovery and for Sanctions. Rec. Doc. 51.

Two weeks later, on November 27, 2018, defendant finally produced supplemental responses to plaintiff's first, second, and third sets of discovery. One of the discovery responses was still incomplete.

On December 10, 2018, former U.S. Magistrate Judge Knowles granted in part plaintiff's first Motion to Compel. Rec. Doc. 62. Plaintiff did not seek an award of sanctions in connection

with that motion.

On December 18, 2018 the magistrate judge granted in part plaintiff's second Motion to Compel and for Sanctions, and ordered defendant to provide discovery which was still outstanding, within seven days from the order. The magistrate judge specifically noted that plaintiff's counsel had attempted to obtain discovery from defendant before involving the court, that defendant provided plaintiff with the majority of the requested documents only after plaintiff filed her second Motion to Compel, that there was no evidence that defendant's failure to provide supplemental discovery responses was substantially justified, and that there was no evidence that an award of sanctions against defendant would be unjust in this circumstance. Rec. Doc. 65.

## APPLICABLE LAW

**A. Standard of Review**

"The Federal Magistrates Act grants district courts authority to assign magistrates certain described functions as well as such additional duties as are not inconsistent with the Constitution and laws of the United States." Peretz v. United States, 501 U.S. 923 (1991) (internal quotation and footnote citation omitted). Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear any pretrial matter pending before the court, with a few exceptions. The district judge reviews the magistrate judge's orders on non-dispositive pretrial matters assigned under subparagraph A on a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A); see Perales v. Sasilla, 950 F.2d 1066, 1070 (5th Cir.1992). This highly deferential standard requires the court to affirm the decision of the magistrate judge unless "on

the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

**B. Rule 37 of the Federal Rules of Civil Procedure**

Rule 37 of the Federal Rules of Civil Procedure provides for sanctions for the failure to participate in discovery. If a party fails to respond to a valid discovery request, the party requesting the discovery may move for an order compelling disclosure of discovery. Fed. R. Civ. P. 37(a)(1). If the motion is ultimately granted, or if the requested disclosure or discovery is provided only after the filing of the motion to compel,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

## DISCUSSION

As the facts set forth above demonstrate, defendant did not comply with discovery until plaintiff filed her second Motion to Compel. As noted by the magistrate judge in his order, the correspondence provided by plaintiff's counsel reflects her efforts to resolve the discovery deficiencies between counsel prior to involving the court. Notably, as of the time the magistrate

4

judge issued his order granting plaintiff's motion, defendant had still not fully complied with its discovery obligation. Specifically, it had not provided a complete response for RFP 16, included in plaintiff's first discovery request in June 2018, seeking documents related to plaintiff's fringe benefits. Nor has the defendant come forward with a convincing argument that its failure to timely and reasonably respond to discovery was substantially justified, except to argue that it was due to relevance objections or that it was not in possession of the documents. However, many of the withheld documents were not subject to relevancy objections, and the ultimate production of others belies the argument that defendant did not possess them. For example, there was no relevance objection to RFP 16, and whatever documentation existed can only have been in defendant's possession. On this record, and applying the straightforward language of Federal Rule of Civil Procedure 37, the court finds the magistrate judge's ruling was not clearly erroneous or contrary to law.

Finally, with respect to plaintiff's contention that review of the magistrate judge's Order is premature because the Order did not include a specific fee amount, defendant was required to file any objections to the Order within 20 days. The fee amount had not been fixed as of then, but that does not prevent the court from considering whether an award of sanctions was clearly erroneous or contrary to law.

Accordingly, the Order of the United States magistrate judge is AFFIRMED, and this

matter is REFERRED to the newly-assigned magistrate judge for determination of attorneys' fees due.

New Orleans, Louisiana, this  31st  day of January, 2019.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**